IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TERRANCE JAROD HARTLEY,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellant,

v.

CASE NO. 1D15-3209

STATE OF FLORIDA,

Appellee.

_____/

Opinion filed December 21, 2016.

An appeal from the Circuit Court for Escambia County.
Terry D. Terrell, Judge.

Philip J. Massa, West Palm Beach, for Appellant.

Pamela Jo Bondi, Attorney General, Virginia Chester Harris, Assistant Attorney General, Tallahassee, for Appellee.

B.L. THOMAS, J.

Appellant, convicted of first-degree murder with a firearm, raises two issues on appeal. First, although the issue was not preserved, Appellant contends that the State failed to introduce sufficient evidence to support a conviction. Second, based on this lack of preservation, Appellant argues that trial counsel was ineffective for

failing to move for a judgment of acquittal, which would have preserved the issue for appellate review. Because we find there was competent, substantial evidence to support the conviction below, we affirm the conviction and write only to address Appellant's ineffective-assistance-of-counsel claim.

We hold Appellant's ineffectiveness claim fails on the merits. Trial counsel's failure to make a motion for a judgment of acquittal could not have prejudiced Appellant, as the motion could not have been granted as a matter of law. See Tibbs v. State, 397 So. 2d 1120, 1123 (Fla. 1981) (holding that appellate courts "should not retry a case or reweigh conflicting evidence submitted to a jury" and a trial court's denial of a motion for a judgment of acquittal should be affirmed so long as "after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment."). Further, "[i]f, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." Pagan v. State, 830 So. 2d 792, 803 (Fla. 2002). Where the State introduces direct and circumstantial evidence of a defendant's guilt, "it is unnecessary to apply the special standard of review applicable to circumstantial evidence cases." Id. (citing Wilson v. State, 493 So. 2d 1019, 1022 (Fla. 1986)).

During its case in chief, the State called several eyewitnesses and law-enforcement officers whose testimony was sufficient to support a guilty verdict. Their testimony showed that Appellant's motivation to shoot the victim resulted from the robbery of Appellant's associate the night before the shooting; Appellant had shown a photo of the victim to someone else to confirm the victim's identity; Appellant was at the scene of the shooting; Appellant fired several shots into the car in which the victim was a passenger; Appellant later fled when officers attempted to pull him over; and Appellant gave conflicting stories to a police investigator when initially interviewed about the incident. All of this evidence, when viewed in the light most favorable to the verdict, was legally sufficient to submit the evidence to the jury. See Morales v. State, 170 So. 3d 63, 66-67 (Fla. 1st DCA 2015) (holding that the evidence was sufficient to support a guilty verdict for attempted first-degree murder where eyewitnesses identified the defendant as the shooter and testified that the shooter pulled up next to the victim in a car and then "'fired, fired, fired[,] and then one more shot was fired and then they sped off[.]'").

Appellant nevertheless argues that trial counsel was ineffective by failing to move for a judgment of acquittal. Generally, ineffective-assistance-of-counsel claims are not reviewable on direct appeal and should be raised by a motion for postconviction relief. Latson v. State, 193 So. 3d 1070, 1073 (Fla. 1st DCA 2016)

3

(Winokur, J., concurring) ("The trial court is the more appropriate forum to present such claims where evidence might be necessary to explain why certain actions were taken or omitted by counsel." (quoting McKinney v. State, 579 So. 2d 80, 82 (Fla. 1991))).  However, where "the facts on which [the] claim is based are evident on the record," such claims are cognizable on appeal.  Stewart v. State, 420 So. 2d 862, 864 (Fla. 1982).  In Monroe v. State, 191 So. 3d 395, 402-03 (Fla. 2016), the Florida Supreme Court held that defense counsel's failure "to preserve the sufficiency of the evidence issue for appellate review constitute[d] ineffective assistance of counsel that is apparent from the face of this record."  Id. at 402.  The court noted that "[a]n appellate court initially reviewing a conviction will only grant relief for ineffective assistance of counsel where the ineffectiveness of counsel is apparent from the face of the record before the appellate court *and* a waste of judicial resources would result from remanding the matter to the lower court for further litigation."  Id. at 403 (emphasis in original).

Logically, based on the reasoning in Monroe and Stewart, appellate courts may also **deny** an ineffectiveness claim raised on direct appeal, if, as here, it is apparent from the record that trial counsel was **not** ineffective as a matter of law.  Furthermore, deferring a ruling on this claim to the trial court would only waste judicial resources.  Here, we can address the merits because, assuming arguendo that counsel was deficient, Appellant cannot show prejudice, as any motion for

4

judgment of acquittal would have been necessarily denied. Strickland v. Washington, 466 U.S. 668, 692 (1984) (requiring "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."); Tibbs, 397 So. 2d at 1123; Pagan, 830 So. 2d at 803.

It is well settled that counsel is not required to make futile objections or motions. Willacy v. State, 967 So. 2d 131, 140 (Fla. 2007) (holding counsel was not ineffective for failing to make a futile objection); see also Lynch v. Crosby, 2006 WL 741555, 11-12 (N.D. Fla. 2006) (holding counsel was not deficient for failing to make fruitless motions for judgment of acquittal). Because no prejudice can be demonstrated here, as the State submitted legally sufficient evidence to the jury, we hold that Appellant's ineffectiveness claim fails on the merits.

AFFIRMED.

ROWE and WINSOR, JJ., CONCUR.