IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA
NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MICHAEL J. GILES,

Appellant,

v.

CASE NO. 1D16-2665

STATE OF FLORIDA,

Appellee.

_____/

Opinion filed November 20, 2017.

An appeal from the Circuit Court for Leon County.
James O. Shelfer, Judge.

Bruce S. Rogow and Tara A. Campion of Bruce S. Rogow, P.A., Fort Lauderdale
and William M. Kent of the Law Office of William Mallory Kent, Jacksonville, for
Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

Appellant Michael J. Giles challenges the denial of his motion for

postconviction relief alleging several grounds of ineffective assistance of trial

counsel. The only claim at issue in this appeal is that counsel was ineffective for advising Appellant not to testify, despite the court's offer to allow him to do so, after the court permitted the State to introduce as rebuttal a recorded interview of Appellant that contradicted his defense at trial. We affirm.

Appellant was convicted of aggravated battery with a deadly weapon in connection with his involvement in an early-morning brawl that erupted between rival college fraternities. The jury found that, during the commission of the offense, Appellant discharged a firearm and caused great bodily harm. At trial, Appellant's sole defense was self-defense (i.e., he admitted to discharging his firearm but did so in self-defense). In a recorded interview with police after his arrest, Appellant denied any involvement in the incident. Until the State's rebuttal, the video of the interview had not been admitted into evidence, and Appellant, with advice of counsel, had not testified. After one of Appellant's witnesses testified that Appellant had been attacked without provocation, the court agreed to allow the State to call a rebuttal witness and to introduce, through her testimony, Appellant's recorded interview into evidence.

The court announced that it would not permit surrebuttal, but it would allow Appellant to take the stand before the recorded interview was played for the jury if he had changed his mind about not testifying. The court explained, however, that

2

"we have got to do this now," because it would not be fair to the State to allow Appellant to have "the final word."

The court asked defense counsel, "Do you want to talk to [Appellant] and see if he's changed his mind about testifying?" Counsel responded, "Yes, sir. . . . May I step out with [Appellant]?" The court denied counsel's request to speak with Appellant and stated "[n]o. We need to do it quickly." Counsel then asked if Appellant's father could come forward, presumably to speak with Appellant. The court again denied counsel's request, saying "[n]o. Let's get this done." After a brief pause, counsel tried again, asking, "Judge, would the Court give him permission to notify the Court after the State presents their rebuttal?" Yet again, the trial court denied the request, stating "I'm not going to allow him to do it then. Like I say, if you want to call him as a witness, you call him now." Defense counsel represented to the court that Appellant was going to maintain his right to remain silent. The court asked Appellant if he agreed, and Appellant replied, "Yes, sir."

To maintain a claim for ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficiency was prejudicial to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To meet the deficiency prong, the defendant must show that counsel's representation "fell below an objective standard of reasonableness" by committing "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant

3

by the Sixth Amendment." *Id.* at 687-88; *Johnson v. State*, 104 So. 3d 1010, 1021 (Fla. 2012).

The postconviction court did not err in denying Appellant's claim that counsel was ineffective for advising Appellant not to testify. Defense counsel's testimony during the postconviction hearing, which is supported by the trial transcript, was that he did not give any advice to Appellant because there was no time to do so. Indeed, that is how Appellant now frames the issue on appeal. On appeal, Appellant argues that counsel's failure to demand that the trial court give Appellant more time to consult with his family and counsel constitutes ineffective assistance of counsel. The record refutes Appellant's claim. Counsel asked the trial court multiple times for additional time, far from the dissent's characterization of counsel as a "potted plant." And contrary to the dissent's position that counsel had a duty to make a formal objection, counsel is not ineffective for failing to make futile objections. *Hartley v. State*, 206 So. 3d 836, 838 (Fla. 1st DCA 2016) ("It is well settled that counsel is not required to make futile objections or motions."). To the extent that it may have been error for the trial court to deny defense counsel's requests, putting unnecessary pressure on Appellant to make an immediate decision as to whether he would testify, the issue should have been raised on direct appeal.

Because we conclude that Appellant failed to show that counsel's representation fell below an objective standard of reasonableness, we affirm the trial court's order denying Appellant's motion for postconviction relief.

WETHERELL and RAY, JJ., CONCUR; MAKAR, J., DISSENTS WITH OPINION.

5

MAKAR, J., dissenting.

At the most critical moment in his trial, Michael L. Giles received no advice from his attorney. In this post-conviction case, his trial counsel all but admits his representation was inadequate, abdicating the most crucial decision in the trial to an uninformed client, and deficiently protecting Giles's right to testify in his defense.

Three charges of attempted second-degree murder against Giles stemmed from a fraternity fracas outside a Tallahassee nightclub during which Giles was severely attacked, resulting in him shooting his assailant. Giles's entire defense was self-defense. Giles, a twenty-five-year-old active duty airman with service in Kuwait, Iraq, and Japan, had a clean record at the time of the incident. After the shooting, he told his arresting officer on a videotape that he had nothing to do with the shooting, which was untrue. Mid-trial, when the judge ruled that the videotape would be played to the jury, Giles's counsel—rather than competently asserting Giles's right to make an informed decision by consulting with him about whether to exercise his constitutional right to testify in his defense—allowed his client to make a split-second, uninformed decision on his own. Yes, the trial judge applied undue pressure to force an immediate decision and defense counsel's request to speak with Giles was denied. But defense counsel's duty was not to be a potted plant at this decisive moment; more than submissive acquiescence in the unfolding circumstances and the trial judge's perfunctory denial was required. Rather than

6

registering an objection, counsel instead ratified his client's uninformed decision without protestation. His clear duty was to make a formal objection, explaining that at this obviously critical juncture in the trial *he was obligated* to discuss with his client whether to exercise the constitutional right to testify, short of which his counsel would be woefully deficient. As was evident at the time, without Giles's trial testimony as a counter-punch, playing the videotape at trial would be "seismic" and a "game changer" for his client, which turned out to be true: the jury deadlocked and had to be pressed to try again via an <u>Allen</u> charge.[1] It ultimately reached a compromise verdict, finding Giles guilty on a lesser-included offense of aggravated battery and not guilty as to the two others, which nonetheless resulted in a twenty-five-year minimum mandatory sentence that even the seasoned trial judge said was "overly harsh on the facts of this case."

Had Giles testified, there is a reasonable probability that the outcome would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 695 (1984) ("When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."). Giles, having established his trial counsel provided inadequate representation and a reasonable probability that his testimony would have heightened the already-existing doubt about his guilt, is entitled to relief.

---

[1] <u>Allen v. United States</u>, 164 U.S. 492 (1896).