416 So.2d 1127 (1982)
In re RULE 9.331, DETERMINATION OF CAUSES BY A DISTRICT COURT OF APPEAL EN BANC, FLORIDA RULES OF APPELLATE PROCEDURE.
No. 50409-D.
Supreme Court of Florida.
June 24, 1982.
E.R. Mills, Jr., Chairman of the Conference of Judges of District Courts of Appeal, Tallahassee, and John R. Beranek, Chairman of the Florida Appellate Court Rules Committee of The Florida Bar, West Palm Beach, for petitioners.
OVERTON, Justice.
The Florida Conference of District Court of Appeal Judges has petitioned this Court to consider an emergency rule change to address practical problems which have arisen in the en banc decisional process under the en banc rule, Florida Rule of Appellate Procedure 9.331. We accept jurisdiction pursuant to Florida Rule of Judicial Administration 2.130(a) and (f).
The problems presented in the petition for our solution concern the number of judges of a district court of appeal necessary to constitute a "majority" in terms of an en banc panel. An additional issue presented by the chief judges of the district courts concerns whether one three-judge panel can expressly overrule or recede from a prior opinion of another three-judge panel of the same district upon the same point of law. We find that rule 9.331 and its commentary should be modified.
First and foremost, we must emphasize that a direct and important interrelationship exists between the en banc rule and the new constitutional amendment which limits Supreme Court jurisdiction. See art. V, § 3, Fla. Const. The amendment substantially strengthened the position of the district courts of appeal as final appellate courts. The en banc rule is an essential part of the philosophy of the constitutional scheme embodied in the new amendment because the Supreme Court no longer has jurisdiction under the amendment to review intra-district conflict.
The appellate structure commission, which this Court established to study the efficiency of Florida appellate structure, recommended that intra-district conflict be resolved by the district courts of appeal sitting en banc, rather than by this Court. The commission also recommended that such an en banc procedure be implemented by court rule. In its study,[1] the commission considered any possible constitutional infirmity of such a rule and concluded that no constitutional impediment existed. The commission also noted that the federal courts had given a similar construction and interpretation to almost identical language in the congressional act which established the United States Circuit Courts of Appeals *1128 and the resulting authority for each circuit to proceed en banc.[2]
This Court agreed with the commission and concluded that an en banc rule as part of Florida's appellate structural scheme was appropriate and constitutional, particularly under the philosophy that the district courts should, to the extent possible, be final appellate courts. See In Re Rule 9.331, Determination by a District Court of Appeal En Banc, 374 So.2d 992, modified, 377 So.2d 700 (Fla. 1979). Justice Boyd disagreed with the majority and expressed his dissent on constitutional grounds. Id. at 994-95 (Boyd, J., dissenting). The constitutional amendment was thereafter presented to the legislature and, in turn, to the electorate of the state with the understanding that the district courts of appeal could sit en banc to resolve intra-district conflict. In fact, under the new amendment, if intra-district conflict is not resolved within the district courts by en banc decision, totally inconsistent decisions could be left standing and litigants left in doubt as to the state of law. The new appellate structural scheme, including the en banc process, was intended to solve that problem and to provide litigants with a clear statement of the law within any given district.
This historical discussion leads to the question raised by the chief judges of the district courts, whether one three-judge panel can expressly overrule or recede from a prior decision of a three-judge panel of the same court on the same point of law. Under our appellate structural scheme, each three-judge panel of a district court of appeal should not consider itself an independent court unto itself, with no responsibility to the district court as a whole. The view that one district court panel is independent of other panels on the same court could possibly be a proper constitutional interpretation if our constitution provided that district courts were merely intermediate courts, with this Court, as the state's highest court, having full discretionary jurisdiction to review all intermediate court decisions. This was not, however, the type of appellate structural scheme adopted by the electorate. In fact, the suggestion that each three-judge panel may rule indiscriminately without regard to previous decisions of the same court is totally inconsistent with the philosophy of a strong district court of appeal which possesses the responsibility to set the law within its district.
Although we agree that, to carry out the purpose behind our new appellate structure, a three-judge panel of a district court should not overrule or recede from a prior panel's ruling on an identical point of the law, we cannot accept the chief judges' suggestion that we should prohibit that action by court rule. Without addressing possible constitutional problems, we find that a strict rule of procedure would be unworkable and inappropriate under the circumstances. We recognize that in many instances factual circumstances are different and cases may be distinguishable on that basis. In addition, the issues raised and argued in a prior case may not be the same as issues raised and argued in the case under review.
We have full confidence that the district court of appeal judges, with a full understanding of our new appellate structural scheme, will endeavor to carry out their responsibility to make the law consistent within their district in accordance with that intent. We would expect that, in most instances, a three-judge panel confronted with precedent with which it disagrees will suggest an en banc hearing. As an alternative, the district court panel could, of course, certify the issue to this Court for resolution. Consistency of law within a district is essential to avoid unnecessary and costly litigation. We conclude that the district court judges, through their opinions, will adopt principles to ensure this result.[3]
*1129 The next item for our determination requires a definition of the term "majority of the district court" as applied in en banc proceedings. This issue, in essence, poses two questions for our review. The first is whether the term "majority of the district court" contemplates an absolute majority of all the active judges of a district court to grant an en banc hearing or whether it contemplates only a majority of those judges actually participating in the en banc hearing request. The second is whether the term contemplates an absolute majority of the active judges of the district court to render an en banc opinion on the merits or whether a simple majority of those active judges actually participating on the case is sufficient.
It is our opinion that a simple majority of the active judges actually participating and voting on a case, without regard to illness or recusal, is all that should be necessary to call an en banc hearing as well as to reach a decision on the merits. We reject the argument that we should require a majority of the active judges on the entire court, whether participating or not. The asserted justification for the latter view is that, because the decision will bind the district court as a whole, a majority of the actual number of the active judges should be required to both call an en banc hearing and to reach a decision on the merits of the issues presented. That view, however, could punish the litigants by possibly requiring an extraordinary number of judges to call an en banc hearing or, if called, to vote in favor of an opinion to reach a decision in the case. For instance, on an eight-judge court, if only five are sitting (e.g., two disqualified and one ill), an extraordinary vote of all five of the sitting judges would be required to both call an en banc hearing and to reach a decision on the merits. This, we believe, is unfair to the litigants who have no control over the disqualification or illness of judges in active service. Further, such a rule would be contrary to the philosophy of establishing finality and consistency in the law of each district with the prompt resolution of intra-district conflict. Failure to reach an en banc decision simply because of illness or recusal of one or more judges could leave intra-district conflict with no suitable means for resolution within the district court. For this reason, we conclude that only a majority of the actual sitting members of the court is necessary both to call and to reach an en banc decision.
The final issue concerns the effect of a tie vote by an en banc panel when considering the merits of the case.[4] We conclude that an evenly split vote on the merits after an en banc hearing leaves the panel decision of the district court standing, and, in the event that there is no panel decision, the trial court decision must be affirmed. In either case, the divergent views culminating in a tie vote of the en banc court render the matter one which suggests that the district court should certify the issue to this Court for resolution.
In accordance with the views expressed in this opinion and the policy decisions made, the en banc rule, Rule of Appellate Procedure 9.331, is modified as follows:
(a) En Banc Proceedings: Generally. A majority of the judges of a district court of appeal participating may order a proceeding pending before the court be determined en banc. A district court of appeal en banc shall consist of the judges in regular active service on the court. En banc hearings and rehearings shall not be ordered unless necessary to maintain uniformity in the court's decisions. The en banc decision shall be by a majority of the active judges actually participating and voting *1130 on the case. In the event of a tie vote, the panel decision of the district court shall stand as the decision of the court. If there is no panel decision, a tie vote will affirm the trial court decision.

(b) Hearings En Banc. A hearing en banc may be ordered only by a district court of appeal on its own motion. A party may not request an en banc hearing. A motion seeking the hearing shall be stricken.
(c) Rehearings En Banc.
(1) Generally. A rehearing en banc may be ordered by a district court of appeal on its own motion or on motion of a party. Within the time prescribed by Rule 9.330 and in conjunction with the motion for rehearing, a party may move for an en banc rehearing solely on the ground that such consideration is necessary to maintain uniformity in the court's decisions. A motion based on any other ground shall be stricken. A vote will not be taken on the motion unless requested by a judge on the panel that heard the proceeding, or by any judge in regular active service on the court. Judges who did not sit on the panel are under no obligation to consider the motion unless a vote is requested.
(2) Required Statement for Rehearing En Banc. A rehearing en banc is an extraordinary proceeding. In every case the duty of counsel is discharged without filing a motion for rehearing en banc unless the ground set forth in (1) is clearly met. When filed by an attorney, the motion shall contain the following statement:
I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following decision(s) of this court and that a consideration by the full court is necessary to maintain uniformity of decisions in this court: (citing specifically the case or cases).
 /s/ _______________
(3) Formal Order on Motion for Rehearing En Banc. An order on a motion for rehearing en banc shall be deemed denied upon a denial of rehearing or a grant of rehearing without en banc consideration. If rehearing en banc is granted, the court may limit the issues to be reheard, require the filing of additional briefs, and may require additional argument.

COMMENTARY
This rule is patterned in part after the en banc rule of the United States Court of Appeals for the Fifth and Eleventh Circuits. The rule is an essential part of the philosophy of our present appellate structure because the supreme court no longer has jurisdiction to review intra-district conflict. The new appellate structural scheme requires the district courts of appeal to resolve conflict within their respective districts through the en banc process. By so doing, this should result in a clear statement of the law applicable to that particular district.
Subsection (a) provides that a majority vote of the active and participating members of the district court is necessary to set a case for hearing en banc or rehearing en banc. The issues on the merits will be decided by a simple majority of the judges actually participating in the en banc process, without regard to recusals or a judge's absence for illness. All judges in regular active service, not excluded for cause, will constitute the en banc panel. Counsel are reminded that en banc proceedings are extraordinary and will be ordered only in the enumerated circumstances. The ground, maintenance of uniformity in the court's decisions, is the equivalent of decisional conflict as developed by supreme court precedent in the exercise of its conflict jurisdiction. The district courts are free, however, to develop their own concept of decisional uniformity. The effect of an en banc tie vote is self-explanatory, but such a vote does suggest that the matter is one which should be certified to the supreme court for resolution.
*1131 Subsection (b) provides that hearings en banc may not be sought by the litigants; such hearings may be ordered only by the district court sua sponte.
Subsection (c)(1) governs rehearings en banc. A litigant may apply for an en banc rehearing only on the ground that intra-district conflict of decisions exists, and then only in conjunction with a timely filed motion for rehearing under Rule 9.330. The en banc rule does not allow for a separate motion for an en banc rehearing nor does it require the district court to enter a separate order on such request. Once a timely motion for rehearing en banc is filed in conjunction with a traditional petition for rehearing, the three judges on the initial panel must consider the motion. A vote of the entire court may be initiated by any single judge on the panel. Any other judge on the court may also trigger a vote by the entire court. Nonpanel judges are not required to review petitions for rehearing en banc until a vote is requested by another judge, although all petitions for rehearing en banc should be circulated to nonpanel judges. The court may on its own motion order a rehearing en banc.
Subsection (c)(2) requires a signed statement of counsel certifying a bona fide belief that an en banc hearing is necessary to ensure decisional harmony within the district.
Subsection (c)(3) is intended to prevent baseless motions for en banc rehearings from absorbing excessive judicial time and labor. The district courts will not enter orders denying motions for en banc rehearings. If a rehearing en banc is granted, the court may order briefs from the parties and set the case for oral argument.
The Florida Bar is directed to publish this rule change in the Florida Bar News by July 15, 1982, so that interested parties may have the opportunity to object to the modification of this rule and respond to this Court on or before September 1, 1982. Barring further amendment or modification as a result of the responses received, the rule shall become effective on October 1, 1982, at 12:01 a.m.
It is so ordered.
SUNDBERG, C.J., and ADKINS, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
BOYD, J., dissents.
NOTES
[1] See Report of the Supreme Court Commission on the Florida Appellate Structure, 53 Fla. B.J. 274, 279 (1979).
[2] See id. at 292 (Appendix A); Textile Mills Sec. Corp. v. Commissioner, 314 U.S. 326, 62 S.Ct. 272, 86 L.Ed. 249 (1941).
[3] See, e.g., United States v. Adamson, 665 F.2d 649 (5th Cir.1982); Board of Educ. v. Hufstedler, 641 F.2d 68 (2d Cir.1981); Caldwell v. Ogden Sea Transp., Inc., 618 F.2d 1037 (4th Cir.1980); Timmreck v. United States, 577 F.2d 372 (6th Cir.1978), rev'd, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); United States v. Bryant, 471 F.2d 1040 (D.C. Cir.1972), cert. denied, 409 U.S. 1112, 93 S.Ct. 923, 34 L.Ed.2d 693 (1973); Etcheverry v. United States, 320 F.2d 873 (9th Cir.), cert. denied, 375 U.S. 930, 84 S.Ct. 331, 11 L.Ed.2d 263 (1963).
[4] A tie vote on whether to call an en banc hearing is not at issue because a majority vote is necessary to have an en banc hearing.