PER CURIAM. Appellant challenges his convictions arid sentences for burglary of a dwelling and grand théft. On the State’s proper concession of error, we reverse solely as to the imposition of a discretionary fine and surcharge. The trial court imposed “$1,522.50 court costs and fines.” This lump sum included the felony fine pursuant to section 775.083, Florida Statutes, and the five percent surcharge pursuant to section 938.04. This fine and surcharge must be individually and specifically pronounced at sentencing, Nix v. State, 84 So.3d 424, 426 (Fla. 1st DCA 2012). We vacate the fíne and surcharge; On remand, the court may re-impose the fine and surcharge after giving Appellant notice and following the proper procedure. We affirm in • all other respects, and reject, as we have before, the argument that a prison releasee reoffender sentence is unconstitutional if a jury did not make the finding that the defendant was released within the previous three years. See Williams v. State, 143 So.3d 423, 424 (Fla. 1st DCA 2014). AFFIRMED in part and REVERSED in part, KELSEY, WINOKUR, and WINSOR, JJ., CONCUR.