# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1350

_____

DEMEKO LADJUAN SIMS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
W. Joel Boles, Judge.

December 10, 2018

WINSOR, J.

Demeko Ladjuan Sims was convicted of armed robbery and petit theft, and he received a life sentence as a Prison Releasee Reoffender. *See* § 775.082(9), Fla. Stat. Sims now appeals, raising an evidentiary issue, alleging ineffective assistance of counsel, claiming a double-jeopardy violation, and challenging the constitutionality of his sentence. We affirm.

## I.

There was a robbery at a Pensacola Quick Mart store. Two masked men entered the store, pointed guns at two clerks, and took one clerk's phone and wallet, along with $700. Store cameras captured video and still photos of the robbery.

Police suspected Sims and another man were involved in a series of armed robberies, including this one. The other man, Joseph Vaughn, was Sims's roommate, and his truck had been under surveillance for a while. About a week after the robbery, officers pulled over Vaughn's truck, found Vaughn and Sims inside, and arrested them both.

In a subsequent interview, Sims initially denied participating in the robbery. But he finally confessed after officers confronted him with surveillance photos showing distinctive markings on the masked robber's pants. Sims ultimately admitted that he and Vaughn had robbed the store using two revolvers, one black and one silver. Following the confession, officers secured a search warrant for Vaughn's truck and the men's apartment. Officers found two revolvers and two camouflage jackets in the truck; in the apartment, they found a pair of pants with the same distinctive markings.

The State charged Sims with armed robbery, grand theft, and possession of a firearm by a convicted felon. The jury convicted Sims of armed robbery and petit theft (as a lesser included of grand theft). The felon-in-possession charge, which had been severed, was later dismissed.

## II.

## A.

Sims first argues that the court erred in admitting testimony that officers were looking for Vaughn's truck and that it had been under surveillance. According to Sims, the court should have excluded the evidence under section 90.403, which precludes evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." We review this issue only for an abuse of discretion, *Hudson v. State*, 992 So. 2d 96, 107 (Fla. 2008), and we find none. The trial court acted within its discretion in allowing testimony explaining how officers first contacted Sims. Regardless, we conclude that if this were error, it was harmless. *See State v. DiGuilio*, 491 So. 2d 1129, 1139 (Fla. 1986).

## B.

Second, Sims argues that his trial counsel should have moved for a judgment of acquittal "on the basis that the state failed to introduce identity and corpus delicti before introducing Sims's admission." Init. Br. at 17. Trial counsel's failure in this regard, Sims maintains, shows constitutional ineffectiveness and a corresponding Sixth Amendment violation.

"With rare exception, ineffective assistance of counsel claims are not cognizable on direct appeal." *Ellerbee v. State*, 87 So. 3d 730, 739 (Fla. 2012). That rare exception applies only when the appellant demonstrates ineffectiveness on the face of the record, "indisputable prejudice," and the lack of any conceivable tactical explanation for counsel's action. *Morales v. State*, 170 So. 3d 63, 67 (Fla. 1st DCA 2015). Here, the record includes nothing to show Sims's counsel should have made the corpus-delicti argument Sims asserts on appeal.

The corpus-delicti rule turns on the "fundamental principle of law that no person be adjudged guilty of a crime until the state has shown that a crime has been committed." *State v. Allen*, 335 So. 2d 823, 825 (Fla. 1976). Therefore, before introducing evidence of a confession, the State must show that there was some crime. *Burks v. State*, 613 So. 2d 441, 443 (Fla. 1993); *see also Allen*, 335 So. 2d at 825 ("A person's confession to a crime is not sufficient evidence of a criminal act where no independent direct or circumstantial evidence exists to substantiate the occurrence of a crime. The judicial quest for truth requires that no person be convicted out of derangement, mistake or official fabrication."). The proof of some crime need not be "overwhelming or uncontradicted," and the State need not prove that the defendant was the culprit before introducing evidence of a confession. *Acoff v. State*, 180 So. 3d 185, 188 (Fla. 1st DCA 2015); *see also Ramirez v. State*, 133 So. 3d 648, 651 (Fla. 1st DCA 2014). As long as the State puts on evidence of a crime, it can follow with evidence of an otherwise admissible confession.

Before the State introduced testimony about Sims's confession, it presented testimony from the robbery victims (the Quick Mart employees), and it introduced surveillance video showing two masked men robbing the store. This was sufficient.

3

Any motion for judgment of acquittal based on the corpus-delicti rule would have been meritless, so counsel acted appropriately in not making one. *See Hartley v. State*, 206 So. 3d 836, 838 (Fla. 1st DCA 2016) (counsel not ineffective for failing to make futile objections or motions).[1]

C.

Sims's third argument on appeal is that double-jeopardy principles preclude convictions for both armed robbery and petit theft. The State agrees, confessing error and concluding the petit theft conviction must be vacated. But we are not required to accept the State's confession, and before we reverse any criminal judgment, we must be certain the law requires reversal. *Perry v. State*, 808 So. 2d 268, 268 (Fla. 1st DCA 2002). Here, we cannot agree with Sims or the State on the double-jeopardy argument.

Sims relies on *J.C.B. v. State*, in which this court held that "[a] charge of robbery necessarily includes the elements of a charge of petit theft in that in proving a charge of robbery under section 812.13, the State must also prove the elements of petit theft under section 812.014(2)(c)." 512 So. 2d 1073, 1074 (Fla. 1st DCA 1987). Sims then argues that because petit theft was a necessary lesser included of robbery, he could not be convicted of both. The State bases its agreement on *Sullivan v. State*, a short opinion in which we reversed a petit theft conviction based on double jeopardy. 631

---

[1] To the extent Sims argues that his confession could not be admitted unless the State had proof of the crime and the culprit's identify before *obtaining* the confession—*cf.* Init. Br. at 20 ("[T]he corpus delicti and identity of the robbers were obtained from evidence retrieved under a search warrant only after Sims allegedly confessed."); *id.* at 21 n.1 ("However, a pair of pants with the same distinctive back pockets as seen on one of the suspects in the store video was retrieved from the apartment where Sims was staying *after* the deputy interrogated Sims, obtained the search warrant and it was executed at the apartment." (emphasis in original))—Sims misunderstands the rule. The State is not precluded from introducing a confession simply because the confession preceded (or even initiated) the investigation that led to charges.

So. 2d 1142, 1142 (Fla. 1st DCA 1994). We noted that the "dual offenses [petit theft and robbery] arose from a single criminal episode against a single victim," and we held that the lesser conviction must be vacated. *Id.*

Both Sims and the State have overlooked the Florida Supreme Court's decision in *McKinney v. State*, which held that double jeopardy does *not* prohibit dual convictions for robbery and theft. 66 So. 3d 852, 856-57 (Fla. 2011). In *McKinney*, the court explained that "[t]here is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments." *Id.* at 854. And to determine whether the Legislature authorized separate punishments for robbery and theft, it looked to section 775.021, which provides that "[t]he intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction." § 775.021(4)(b), Fla. Stat. The Legislature provided three "[e]xceptions to this rule of construction," one of which Sims contends is applicable here: "Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense." *Id.* § 775.021(4)(b)3.

In *McKinney*, the court rejected the argument that grand theft and robbery fit in this exception. It did so by comparing elements of the statutory offenses and concluding that each offense included an element that the other did not. *Id.* at 857. Robbery required a showing of "force, violence, assault, or putting in fear," which grand theft did not, and grand theft required proof of the value of property taken, and robbery did not. *Id.* (quoting statute). That was enough to show that the exception did not apply, that "neither offense is wholly subsumed by the other" or necessarily included in the other. *Id.* Thus, there was no double-jeopardy violation.

The same is true here. Sims's first-degree petit theft conviction required proof that he took property valued between $100 and $300. § 812.014(2)(e), Fla. Stat. The robbery conviction required no such showing, but it did require a showing of force or

threat, which the theft charge did not. Just as in *McKinney*, there was no double-jeopardy violation.[2]

D.

Finally, Sims argues that his life sentence was unconstitutional. His sentence was based on section 775.082(9), which requires a life sentence for a "Prison releasee reoffender," defined to include someone who commits robbery within three years after release from prison. *Id.* Sims argues that under *Alleyne v. United States*, 570 U.S. 99 (2013), the Sixth Amendment requires a jury—not a judge—to determine his eligibility for a PRR sentence.

Sims acknowledges that his argument is foreclosed by our decision in *Williams v. State*, in which we explicitly held "that *Alleyne* does not require a jury to make the PRR factual determination." 143 So. 3d 423, 424 (Fla. 1st DCA 2014). He argues that we should recede from this decision, but we are powerless to do that absent en banc review. Each panel decision is binding on future panels, absent an intervening decision of a higher court or this court sitting en banc. *Taylor Eng'g, Inc. v. Dickerson Florida, Inc.*, 221 So. 3d 719, 723 n.3 (Fla. 1st DCA 2017); *see also In re Rule 9.331, Determination of Causes by a Dist. Court of Appeal En Banc, Fla. R. App. P.*, 416 So. 2d 1127, 1128 (Fla. 1982) ("[T]he suggestion that each three-judge panel may rule indiscriminately without regard to previous decisions of the same court is totally inconsistent with the philosophy of a strong district court of appeal which possesses the responsibility to set the law within its district.").

Sims also suggests that the Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016)—issued after *Williams*—mandates a different outcome despite *Williams*. Even if we were otherwise inclined to agree, however, this court has reaffirmed its

---

[2] Even if the petit theft conviction did not require proof of value, it is not clear there would have been a double-jeopardy violation. Unlike in *Sullivan*, where the offenses were "against a single victim," 631 So. 2d at 1142, there were multiple victims here.

*Williams* holding even after *Hurst. See Murphy v. State*, 227 So. 3d 242 (Fla. 1st DCA 2017), *cert. denied sub nom. Murphy v. Florida*, 138 S. Ct. 1270 (2018) ("We affirm in all other respects, and reject, as we have before, the argument that a prison releasee reoffender sentence is unconstitutional if a jury did not make the finding that the defendant was released within the previous three years."). We are therefore bound to reject Sims's argument and affirm his sentence.

AFFIRMED.

WOLF and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Kathleen Pafford and Joanna A. Mauer, Assistant Public Defenders, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.