DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEICO GENERAL INSURANCE COMPANY,**
Appellant,

v.

**HALLANDALE BEACH ORTHOPEDICS, INC.,**
a/a/o **FRITZNIE JARBATH,**
Appellee.

No. 4D21-206

[August 18, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Robert W. Lee, Judge; L.T. Case Nos. 062016SC022348AXXXCE and 062018AP025322AXCCCE.

Michael A. Rosenberg, Peter D. Weinstein, and Adrianna de la Cruz-Muñoz of Cole, Scott & Kissane, P.A., Plantation, for appellant.

David B. Pakula of David B. Pakula, P.A., Pembroke Pines, and Gary Marks of Marks & Fleischer, Fort Lauderdale, for appellee.

KUNTZ, J.

Geico General Insurance Company appeals the county court's summary judgment order. We only address whether the insurance policy required Geico to pay 100% of the amount billed by the provider, Hallandale Beach Orthopedics, Inc.

"The Florida PIP statute authorizes insurers to limit reimbursement to 80% of an amount set by a fee schedule, *see* § 627.736(5)(a)1.a.–f., by electing to do so in its policy, *see* § 627.736(5)(a) 5." *Geico Indem. Co. v. Muransky Chiropractic P.A.*, No. 4D21-457, 2021 WL 2584107, at *3 (Fla. 4th DCA June 24, 2021). In *Muransky*, we held that "under the PIP statute, if the billed amounts are less than 80% of the fee schedule, the insurer may pay the billed amounts in full or pay the 80% reimbursement rate of maximum charges." *Id.* at *4 (citing *Geico Indem. Co. v. Accident & Inj. Clinic, Inc.*, 290 So. 3d 980, 984 (Fla. 5th DCA 2019)).

Our holding *in Muransky* is binding on this case. *In re Rule 9.331, Determination of Causes by a Dist. Ct. of Appeal En Banc, Fla. R. App. P.*, 416 So. 2d 1127, 1128 (Fla. 1982). But the facts of this case require a different outcome.

In *Muransky*, the record established that the provider billed an amount less than 80% of 200% of the applicable statutory fee schedule. 2021 WL 2584107, at *1. As a result, in that case, the answer to the legal question was dispositive. Here, the record does not establish whether the amount billed was less than 80% of 200% of the statutory fee schedule. For this reason, we reverse the court's judgment and remand for further proceedings. If the amount billed was less than 80% of 200% of the fee schedule, the ultimate result will be the same as in *Muransky*.

*Reversed and remanded.*

DAMOORGIAN and ARTAU, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***