# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2021-3358
_____

DAVID T. BEANS,

   Appellant,

   v.

AMY S. BEANS,

   Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Lacey Powell Clark, Judge.

April 30, 2025

ON MOTION FOR REHEARING AND FOR CERTIFICATION OF CONFLICT

PER CURIAM.

We deny the motion. The preceding majority opinion addressed why section 61.14, Florida Statutes—not section 61.08—applies to modifications of alimony. Our analysis was wholly based on the text of the respective statutes—*as amended*—and we explained why the amended statutes supersede this court's analyses in prior cases that were based on prior statutory versions. The present motion itself does not identify anything pertinent that we have missed, and the dissent still fails to refute any of the legal points the majority made in its original analysis.

There also is no need for certification. The decisions from other district courts that the motion mentions as examples of conflict do not address the question we did—one of those cases

addressing a different aspect of section 61.14 (and otherwise relying on an earlier decision pre-dating an amendment to section 61.08 adding a cross-reference to section 61.14, the significance of which we discussed); another just relying on district court decisions pre-dating the amendment to section 61.08; and two not mentioning section 61.14 at all. There is no conflict to certify. And the question that the appellant and dissent propose we certify to the supreme court, in essence, is whether we should follow a statute's clear text; or instead hew to decisions that rely on a pre-amended version of the text, any conflict between the two notwithstanding. That is not really a question; or, if it is, it is one that answers itself for anyone who considers a statute, and not what a court says, to be the law.

As for the dissent's suggestion that our decision is not legitimate and that trial courts need not abide by our holding, we simply point readers to the Florida Constitution and the supreme court. *See* Art. V, § 4(a), Fla. Const. (providing for each appellate case's consideration by three judges of the district court, making "the concurrence of two [] necessary to a decision" in the exercise of the court's judicial power); *Ansin v. Thurston*, 101 So. 2d 808, 810 (Fla. 1958) (recognizing district courts as "primarily of final appellate jurisdiction," their decisions "in most instances being final and absolute"); *Stanfill v. State*, 384 So. 2d 141, 143 (Fla. 1980) ("The decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by this Court."); *Weiman v. McHaffie*, 470 So. 2d 682, 684 (Fla. 1985) (noting "binding effect" a district court's decision has on "Florida trial courts"); *see also Little v. State*, 206 So. 2d 9, 10 (Fla. 1968) (noting that when two decisions of the same district court conflict, the one "later in point of time [] would overrule [the earlier one] as the decisional law"); *R.J. Reynolds Tobacco Co. v. Marotta*, 214 So. 3d 590, 604 (Fla. 2017) (still recognizing *Little* as "holding that where intradistrict conflict exists, the decision later in time overrules the former as the decisional law in the district").

RAY and TANENBAUM, JJ., concur; KELSEY, J., dissents with an opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

KELSEY, J., dissenting from denial of motion for rehearing or for certification.

I dissent for the reasons expressed in my merits dissent and the many reasons well presented in Former Husband's motion for rehearing or for certification docketed October 3, 2024, which I set out in full below. At a bare minimum I would certify to the Florida Supreme Court a question of great public importance such as that the Former Husband proposes:

> ARE TRIAL COURTS REQUIRED TO ADHERE TO THE ECONOMIC CONSIDERATIONS AND FACTORS IN SECTION 61.08 WHEN DECIDING PETITIONS TO MODIFY ALIMONY FILED UNDER SECTION 61.14?

In my view, as set forth in my earlier dissent, the merits opinion is not legitimate precedent at all, is wrong, and is not binding on any future panel of this Court or on trial courts. I borrow the on-point and authoritative reasoning under which Judge Bilbrey recently demonstrated the illegitimacy of any attempt to evade the prior-panel-precedent rule:

> "[A] three-judge panel of a district court should not overrule or recede from a prior panel's ruling on an identical point of the law." *See In re Rule 9.331, Determination of Causes by a District Court of Appeal En Banc, Florida Rules of Appellate Procedure*, 416 So. 2d 1127, 1128 (Fla. 1982). In considering this case en banc, we are correctly adhering to the firmly established prior panel precedent doctrine. *See Taylor Eng'g, Inc. v. Dickerson Fla., Inc.*, 221 So. 3d 719, 723 n.3 (Fla. 1st DCA 2017) (calling the doctrine "well-established").

3

When faced with erroneous precedent, barring a decision from a higher court or a legislative change, we are required to consider the matter en banc before we can recede from it. *See Wanless v. State,* 271 So. 3d 1219, 1223 (Fla. 1st DCA 2019) ("We are of course bound to follow our own decisions unless and until an intervening decision from the Florida Supreme Court, the United States Supreme Court, or this court sitting en banc compels otherwise."); *see also Sims v. State*, 260 So. 3d 509, 514 (Fla. 1st DCA 2018); *Adams v. State*, 188 So. 3d 849, 851 (Fla. 1st DCA 2012).* Failing to adhere to prior panel precedent without en banc consideration opens the possibility for chaos and uncertainty to reign. *See In re Rule 9.331*, 416 So. 2d at 1128 ("[I]f intra-district conflict is not resolved within the district courts by en banc decision, totally inconsistent decisions could be left standing and litigants left in doubt as to the state of law"); *see also Rogers v. State*, 296 So. 3d 500, 519 n.1 (Fla. 1st DCA 2020) (Bilbrey, J., concurring). I appreciate my colleagues' willingness to consider this matter en banc to provide certainty to the bench, bar, and litigants that the majority of the court has not abandoned the prior panel precedent doctrine.

* Except the relatively new Sixth District, which has apparently not addressed the issue, the prior panel precedent doctrine is followed by all Florida district courts. *See, e.g.*, *State v. Crose*, 378 So. 3d 1217, 1243–44 (Fla. 2d DCA 2024) (en banc); *State v. Washington*, 114 So. 3d 182, 188–89 (Fla. 3d DCA 2012); *Fox v. Fox*, 262 So. 3d 789, 792 (Fla. 4th DCA 2018) (en banc); *Williams v. Salt Springs Resort Ass'n*, 298 So. 3d 1255, 1256 (Fla. 5th DCA 2020) (en banc). This aligns with how the United States Eleventh Circuit Court of Appeals treats prior panel precedent. *See United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024); *see also Scott v. United States*, 890 F.3d 1239, 1257 (11th Cir. 2018) (requiring the prior panel precedent "rule" be applied even when the subsequent panel is convinced that the earlier panel was wrong). Unlike Judge Tanenbaum, I do not think I am, or the judges on this court, our sister district courts, or

4

federal circuit judges are violating our oaths of office when we follow prior panel precedent despite disagreeing with the prior panel's holding. Instead, for Florida district court judges we are complying with guidance of the Florida Supreme Court as stated in *In re Rule 9.331*.

*BAM Trading Services, Inc. v. Office of Fin. Regulation*, 395 So. 3d 687, 693–94 & n.* (Fla. 1st DCA 2024).

I imagine that family law practitioners and other judges likewise understand the issues the Former Husband has identified, and I can only hope that this is corrected.

# Appendix

Filing # 208224874 E-Filed 10/03/2024 04:43:13 PM

**IN THE DISTRICT COURT OF APPEAL**
**FIRST DISTRICT, STATE OF FLORIDA**

DAVID T. BEANS,

        Appellant,

v.

AMY S. BEANS,

        Appellee.

CASE NO. 1D21-3358
L.T. NO. 2017 DR-4910

## APPELLANT'S MOTION FOR REHEARING OR, IN THE ALTERATIVE, FOR CERTIFICATION TO THE SUPREME COURT

Pursuant to Fla. R. App. P. 9.330, Appellant requests the Court grant rehearing or, in the alternative, certify to the Florida Supreme Court either that the Court's opinion is in direct conflict with decisions from other district courts, or that the question presented is one of great public importance. *See* Fla. R. App. P. 9.030(a)(2).

The Court's September 18, 2024, Opinion concludes that "[i]n considering a request for [alimony] modification, then, the circuit court ... is not governed by section 61.08, which controls the original alimony award '[i]n a proceeding for dissolution.'" *See* Opinion at 4. The Opinion holds that section 61.08(9), Florida Statutes— prohibiting alimony awards from leaving the payor with significantly less net income than the recipient absent written findings of

exceptional circumstances—applies only to an <u>initial award</u> of alimony and not to subsequent alimony modifications. The Opinion therefore rejects all Appellant's arguments "because they are rooted in considerations pertinent to an original determination of alimony, not a later modification of an earlier award." *See* Opinion at 10.

The concept that section 61.08 governs only an initial alimony award (and not subsequent modifications) was not briefed or argued by the parties, so this motion for rehearing does not present issues previously raised in this proceeding. Further, the Opinion's alimony analysis is contrary to Florida Supreme Court precedent, as well as prior decisions from this Court and the other district courts of appeal. Thus, this Court "overlooked or misapprehended" precedent, which warrants rehearing. Fla. R. App. P. 9.330(a)(2)(A).

In the alternative, the Opinion is directly contrary to the holdings of numerous cases from four other district courts, including *King v. King*, 82 So. 3d 1124, 1129 (Fla. 2d DCA 2012), *Stivelman v. Stivelman*, 355 So. 3d 1021 (Fla. 3d DCA 2023), *Addie v. Coale*, 179 So. 3d 534, 536 (Fla. 4th DCA 2015), and *Befanis v. Befanis*, 293 So. 3d 1121 (Fla. 5th DCA 2020). Those cases (and several others) *require* trial courts to consider the factors listed in section 61.08 in

2

alimony modification proceedings, whereas the Court here concluded that the trial court need not consider those factors at all in considering a petition to modify alimony. These conflict cases all post-date the 2010 amendments to section 61.08 referenced in this Court's Opinion. Thus, trial courts in this district will be applying a substantively different analysis to modification proceedings than trial courts in those other four districts, which warrants permitting the Supreme Court to unify the law in this area.

Even without these conflicts, because the Opinion diverges from decades of precedent and dramatically alters the alimony modification landscape, the Court should certify the following question as one of direct conflict or of great public importance:

> ARE TRIAL COURTS REQUIRED TO ADHERE TO THE ECONOMIC CONSIDERATIONS AND FACTORS IN SECTION 61.08 WHEN DECIDING PETITIONS TO MODIFY ALIMONY FILED UNDER SECTION 61.14?

I.  **The Court should grant rehearing and reverse, as the doctrine of _in pari materia_ requires section 6.14 governing alimony modifications to be read in harmony with section 6.08 governing alimony awards.**

3

The Florida Supreme Court has long acknowledged that each provision in chapter 61 must be read *in pari materia*. *See Sobleman v. Sobleman*, 541 So. 2d 1153 (Fla. 1989) (Ehrlich, C.J., concurring).

Sections 61.08 and 61.14 on their face both govern alimony awards, and thus must be read together. The alimony modification statute—section 61.14—is interpreted *in pari materia* with the alimony award statute—section 61.08. *See Acker v. Acker*, 904 So. 2d 384 (Fla. 2005) (Bell, J., concurring) ("The fact that this is a post-dissolution modification proceeding does not affect the application of section 61.08(2)"). The *Acker* Court observed that once a trial court finds that the prerequisites for alimony modification are met,

> [T]he court must then determine to what extent the alimony award should be increased or decreased. This determination must be made in accordance with section 61.08(2). Section 61.14 itself provides no criteria on which to make such a determination except to provide that 'the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties.'

*Id.* (Bell, J., concurring).

The Florida Supreme Court also requires that sections 61.13 and 61.14, Florida Statutes, addressing child support, must be

4

interpreted *in pari materia*. *Overbey v. Overbey*, 698 So. 2d 811, 813 (Fla. 1997).

In 2005, the Florida Supreme Court applied the doctrine of *in pari materia* to construe the meaning of income under chapter 61 regarding alimony and child support payments. See *Zold v. Zold*, 911 So. 2d 1222 (Fla. 2005). In *Zold*, the Court held that "the doctrine of *in pari materia* requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature's intent. *Id.* (citing *Young v. Progressive Southeastern Ins. Co.*, 753 So. 2d 80, 84 (Fla. 2000)).

This Court has also long recognized that the sections of chapter 61 impacting a support award and modification must be interpreted *in pari materia*. *Fletcher v. Fletcher*, 573 So. 2d 941 (Fla. 1st 1991). In fact, this Court has expressly held that "when determining the amount of alimony to be ordered based on a change of circumstances, the trial court is to consider all of the relevant factors listed in section 61.08(2), Florida Statutes." *Schang v. Schang*, 53 So. 3d 1168 (Fla. 1st DCA 2011); *see also Overton v. Overton*, 34 So. 3d 759 (Fla. 1st DCA 2010). The Opinion distinguishes *Schang* and *Overton* as addressing modifications entered before July 2010.

5

As the Opinion observes, however, the *Schang* Court had an opportunity to illuminate this distinction and did not do so. Other Florida District Courts of Appeal have also not made such a distinction following 2010, as detailed below.

This Court has not receded en banc from *Schang* and *Overton* so, respectfully, they remain binding precedent. The present posture does not afford an opportunity for the Court to recede, as Appellee did not argue on appeal or below that the comparative net income test contained in section 61.08(9) ceased to apply following the 2010 reference in section 61.08 to modification proceedings in 61.14.

"A law should be construed together with any other law relating to the same purpose such that they are in harmony. Courts should avoid a construction which places in conflict statutes which cover the same general field." *Knowles v. Beverly Enterprises-Florida, Inc.*, 898 So. 2d 1 (Fla. 2004). "Where it is possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another." *Id.* (quoting *Am. Bankers Life Assurance Co. of Fla. v. Williams*, 212 So. 2d 777, 778 (Fla. 1st DCA 1968)).

6

11

If giving a statute the plain meaning makes it inconsistent with other parts of the same or related statutes, a court is required to examine the entire act and those *in pari materia* in order to ascertain the overall legislative intent. *Fla. Dep't of Envtl. Prot. v. ContractPoint Fla. Parks LLC*, 986 So. 2d 1260, 1265-66 (Fla. 2008). Examining a statute *in pari materia* means the court addresses the legislation "as a whole, including the evil to be corrected, the language, title, and history of its enactment, and the state of the law already in existence." *Bautista v. State*, 863 So. 2d 1180, 1185 (Fla. 2003).

The duty of the court is to "[w]here possible ... adopt that construction of a statutory provision which harmonizes and reconciles it with *other provisions of the same act.*" *Id.* at 9. "We are compelled by well-established norms of statutory construction to choose that interpretation of statutes and rules which renders their provisions meaningful. Statutory interpretations that render statutory provisions superfluous are, and should be, disfavored." *Id.* at 13 (citing *Hawkins v. Ford Motor Co.*, 748 So. 2d 993, 1000 (Fla. 1999)).

The doctrine of *in pari materia* applies even beyond sections of the same chapter, as is the case here, to all statutes addressing the

7

12

same subject matter to give effect to the Legislature's intent. The Florida Supreme Court has repeatedly given effect to the doctrine of *in pari materia* to harmonize statutory provisions addressing related subject matter. *See Larimore v. State*, 2 So. 3d 101, 106 (Fla. 2008); *M.W. v. Davis*, 756 So. 2d 90, 101 (Fla. 2000); *Fla. Dep't of State, Div. of Elections v. Martin*, 916 So. 2d 763, 768 (Fla. 2005); *Young v. Progressive Southeastern Ins. Co.*, 753 So. 2d 80, 84 (Fla. 2000) ("Where possible, courts must give effect to all statutory provisions and construe related statutory provisions in harmony with one another;)" *Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 455 (Fla. 1992); *McGhee v. Volusia County*, 679 So. 2d 729, 730 n. 1 (Fla. 1996) (stating that the doctrine of *in pari materia* requires courts to construe related statutes together so that they are harmonized); *Florida Jai Alai, Inc. v. Lake Howell Water & Reclamation Dist.*, 274 So. 2d 522 (Fla. 1973) (It is a general principle of statutory construction that, where possible, courts are required to give compatible interpretations to statutes that relate to the same subject matter). That statutes are enacted at different times does not avoid their being read and construed *in pari materia*. *Pritchard v. Jax Liquors, Inc.*, 499 So. 2d 926 (Fla. 1st DCA 1986).

8

13

In this case, the section 61.08(9) prohibition codifying the presumptive fairness of the comparative net income test is directly relevant to the analysis. Section 61.08 prohibits alimony awards that leave the paying spouse with significantly less net income than the recipient, absent written findings of exceptional circumstances.

Here, the modification violated the comparative net income test resulting in the recipient, Amy, receiving <u>over 40% more net income</u> than the payor, David. No findings of exceptional circumstances were included, and none are supported by the record. Appellant contests the sufficiency of any evidence demonstrating that exceptional circumstances exist that may permit such an alimony award. Appellant's depreciation in ability to pay following his mandatory military retirement is also undisputed.

The Legislature has recognized such a result is inequitable and codified such an alimony award as presumptively unreasonable as a matter of law. Chap. 2011-92, §§ 79-80, Laws. of Fla. (adding language and rewording section 61.08(9), Florida Statutes, effective July 1, 2011, to state that "[t]he award of alimony may not leave the payor with significantly less net income than the net income of the

9

14

recipient unless there are written findings of exceptional circumstances").

Section 61.14 does not exclude equitable considerations from alimony modifications. Instead, section 61.14 expressly allows modifications only "as equity requires." The Legislature has indicated that it is generally inequitable and not within the range of reasonable decisions to leave a payor with less income than the recipient. Trial courts must abide by the Legislature's express direction that a recipient's income surpassing the payor's income is generally inequitable. Even if 61.14 provides the exclusive avenue for modification, it does not exclude equitable considerations. Section 61.14 must also be read *in pari materia* with section 61.08 and the other sections in chapter 61. A trial court's broad discretionary authority to do equity is guided by these specific considerations provided by the Legislature. The same equitable considerations in an initial award remain present on a modification or termination proceeding—particularly the comparative net income test.

The current Opinion creates an intradistrict conflict and does not account for the doctrine of *in pari materia*. For these reasons, this Court should grant rehearing.

10

## II. In the alternative, the Court should certify that its opinion is in direct conflict with decisions from other districts.

The Second, Third, Fourth, and Fifth District Courts of Appeal have all held that section 61.08 continues to govern alimony modifications under section 61.14, even after the 2010 revisions to section 61.08, and that the economic factors in section 61.08 remain mandatory considerations for alimony modification or termination. By holding otherwise here, the Opinion creates a direct conflict requiring Supreme Court review.

### 1. Second DCA

In 2007, the Second DCA analyzed the question of whether section 61.08 governed modifications under section 61.14 and held that trial courts are required to utilize the section 61.08 factors to determine whether to reduce or terminate alimony, stating:

> Our review of the applicable statutes leads us to agree with the First, Fourth, and Fifth Districts that section 61.08(2) applies to modification proceedings under section 61.14(1)(b). Despite the legislature's stated intent, nothing in section 61.14(1)(b) states that section 61.08(2) is inapplicable. Accordingly, on remand, the trial court must consider evidence on all of the factors listed in section 61.08(2) in determining whether to reduce or terminate the Former Wife's alimony and, if to reduce it, by how much.

11

16

*Buxton v. Buxton*, 963 So. 2d 950 (Fla. 2d DCA 2007).

In 2012, the Second DCA continued to rely on *Buxton* in identifying a four-step test for considering alimony modification or termination in a supportive relationship context. *See King*, 82 So. 3d at 1129. The *King* Court's four-step test mandates consideration of the economic factors outlined in section 61.08, as follows:

> First, the circuit court must "elicit the nature and extent of the relationship in question." § 61.14(1)(b)(2). To accomplish this task, the circuit court must consider and make findings concerning the factors listed in section 61.14(1)(b)(2) and any other pertinent circumstances. *Buxton v. Buxton*, 963 So. 2d 950, 951-53 (Fla. 2d DCA 2007). In the second step, based on its findings, the circuit court must determine whether the facts establish a supportive relationship. *Id.* If the circuit court concludes that a supportive relationship does exist, then it must decide whether to reduce or terminate the alimony obligation. <u>In the third step, the circuit court **must** consider the relevant economic factors for determining an award of separate maintenance or alimony outlined in section 61.08(2).</u> In the fourth step, having considered the relevant economic factors, the circuit court must determine 'whether to reduce or terminate the Former Wife's alimony and, if to reduce it, by how much.'

*King*, 82 So. 3d at 1129 (emphasis added) (internal citations omitted).

12

17

### 2. Third DCA

In 2023, the Third DCA reversed an alimony modification for failure to recite the statutory findings of 61.08. *See Stivelman*, 355 So. 3d at 1023. In doing so, the Third District held that the factors in section 61.08 were "required findings" even in a modification proceeding. *Id.*

Also in 2023, the Third DCA reversed an alimony termination for the trial court's failure to consider the economic factors in section 61.08, recognizing the Second DCA's holding in *King*, and stating:

> As stated in *King*, if a trial court concludes an obligee is in a supportive relationship, steps three and four of the analysis requires the trial court to consider the relevant economic factors for determining an award of separate maintenance or alimony outlined in section 61.08(2), and thereafter, determine whether, based on those factors, the obligee's alimony should be terminated or reduced.

*Spector v. Spector*, 388 So. 3d 869, 873 (Fla. 3d DCA 2023) (citing *King*, 82 So. 3d at 1129).

### 3. Fourth DCA

In 2015, the Fourth DCA held that, once a party requesting alimony modification provides substantial, permanent, and unanticipated change in circumstances, "a trial court must consider

13

and make specific factual findings for each of [the] factors [within section 61.08(2)] ... ." *Addie*, 179 So. 3d at 536; *see also Albu v. Albu*, 150 So. 3d 1226, 1228 (Fla. 4th DCA 2014) ("In determining the extent of modification, the trial court should consider those factors listed in section 61.08, Florida Statutes, to the extent that they are relevant in a modification proceeding.").

In 2020, the Fourth DCA required that modified awards must make findings under section 61.08(9), where applicable, holding:

> "We therefore reverse and remand this matter for a new hearing on Former Husband's amended petition and direct the trial court to prepare an order at the conclusion of the hearing that includes the required findings of fact under section 61.08(2), and (9) if necessary, to support any modified alimony award. Under section 61.08(9), the trial court is required to include "written findings of exceptional circumstances" if the alimony award will leave Former Husband with "significantly less net income than the net income of" Former Wife.

*Benedict v. Benedict*, 296 So. 3d 438 (Fla. 4th DCA 2020).

In 2012, the Fourth DCA held:

> On remand, if the trial court determines that the former husband is still obligated to pay more than a nominal amount to the former wife, the trial court must also make 'written findings of exceptional circumstances' to justify the award of alimony which leaves the former

14

19

> husband with 'significantly less net income
> than the net income of' the former wife. *See*
> § 61.08(9), Fla. Stat. (2011) ('The award of
> alimony may not leave the payor with
> significantly less net income than the net
> income of the recipient unless there are written
> findings of exceptional circumstances.').

*Koshi v. Koshi*, 98 So. 3d 93, 96 (Fla. 4th DCA 2012).

Post-2010, the Fourth DCA has remained consistent with its earlier holding that "the requirement of making statutory findings applies not only to a trial court's initial alimony award but also to any modification of an alimony award. *Donoff v. Donoff*, 940 So. 2d 1221, 1223 (Fla. 4th DCA 2006). Section "61.08 makes clear that in determining any need for alimony, <u>whether original or modification</u>, the entire financial resources and income of the party seeking the award must be considered." *Id.* at 8. "While we agree that some of these factors may turn out to be inapt in post-judgment modification proceedings, we note that the legislature has unambiguously required that the trial judge shall consider *all relevant* factors in determining what alimony is proper. We interpret that command to recognize that some factors may not relate to the actual issues in a given case, but the trial court should consider all those factors that are relevant to the facts and issues." *Id.* at 4.

15

### 4. Fifth DCA

In 2020, the Fifth DCA held that a former spouse was entitled to modification of alimony based upon requisite showing of a legally sufficient change in circumstances and, in light thereof, remanded requiring that "upon remand, the trial court shall determine, from the evidence introduced at trial, the amount of alimony based on the factors set forth in section 61.08(2), Florida Statutes ... ." *Befanis*, 293 So. 3d at 1123(emphasis added).

In 2021, the Fifth DCA again held that "all applicable 61.08(2) factors **must** be considered in modification proceedings under section 61.14" *Klokow v. Klokow*, 323 So. 3d 817 (Fla. 5th DCA 2021)(emphasis added).

Each of these cases directly conflict with the Opinion, as they require consideration of factors in section 61.08. The Fourth DCA's decisions in *Benedict v. Benedict*, 296 So. 3d 438 (Fla. 4th DCA 2020) and *Koshi v. Koshi*, 98 So. 3d 93, 96 (Fla. 4th DCA 2012) directly address section 61.08(9) in modification proceedings and creates a direct conflict as to whether the comparative net income test articulated in section 61.08(9) is a required consideration in alimony modifications.

16

## III. In the alternative, the Court should certify a question of great public importance.

Because the Court's Opinion employs an analysis not previously considered by the Florida Supreme Court or any of the other district courts of appeal, it has the potential to transform the Florida alimony modification and termination landscape, as well as broader concepts of statutory interpretation. The Florida Supreme Court should be afforded an opportunity to address this newly adopted analysis.

If the Court declines to grant rehearing, it should at a minimum certify the following question as one of great public importance:

> ARE TRIAL COURTS REQUIRED TO ADHERE TO THE ECONOMIC CONSIDERATIONS AND FACTORS IN SECTION 61.08 WHEN DECIDING PETITIONS TO MODIFY ALIMONY FILED UNDER SECTION 61.14?

WHEREFORE, Appellant requests the Court grant rehearing, withdraw its Opinion, and reverse and remand to the trial court. In the alternative, Appellant requests the Court certify to the Florida Supreme Court either that the Court's opinion is in direct conflict with decisions from other district courts, or that the question presented is one of great public importance.

17

Respectfully submitted,

/s/ Jessica L. Scholl
JESSICA L. SCHOLL
Florida Bar No. 112167
MOORE, HILL & WESTMORELAND, P.A.
Pensacola, Florida 32591-3290
Telephone: (850) 434-3541
*Counsel for Appellant, David Beans*

18

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true copy of the foregoing was furnished

to counsel below by electronic mail this 3rd day of October, 2024.

Therese McKenzie
*familylaw@mckenzielawfirm.com*
905 East Hatton St., Suite 100,
Pensacola, Florida 32503
*Counsel for Appellee*

/s/ Jessica L. Scholl
JESSICA L. SCHOLL

19

_____

Jessica L. Scholl of Moore, Hill & Westmoreland, P.A., Pensacola, for Appellant.

Therese Felth McKenzie of McKenzie Law Firm, P.A., Pensacola, for Appellee.