# Third District Court of Appeal

## State of Florida

Opinion filed October 22, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1190
Lower Tribunal No. 21-18871-CA-01
_____


**Jose Sanchez,**
Appellant,

vs.

**Universal Property & Casualty Insurance Company,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

MARANGES, PLLC, and Christopher J. Maranges and Madeline Moreira (Boca Raton), for appellant.

Hicks, Porter & Stein, P.A., and Dinah S. Stein and Lindsey A. Hicks, for appellee.


Before LOGUE, LOBREE, and GOODEN, JJ.

LOGUE, J.

The Appellant asks us to overrule our precedent in Cantens v. Certain Underwriters at Lloyd's London, 388 So. 3d 242 (Fla. 3d DCA 2024). In Cantens, a different panel of this court held that the pre-suit notification provisions of section 627.70152(3), Florida Statutes, were procedural and apply to all existing policies, regardless of the date of inception. Id. at 245. As Cantens itself acknowledged, other district courts have reached a contrary result. Id. at 246; see, e.g., Buis v. Universal Prop. & Cas. Ins. Co., 394 So. 3d 738, 740 (Fla. 2d DCA 2024). Indeed, the issue presented is pending in the Florida Supreme Court under its conflict jurisdiction. See Hughes v. Universal Prop. & Cas. Ins., 374 So. 3d 900, 910 (Fla. 6th DCA 2023), review granted, No. SC24-0025, 2024 WL 1714497 (Fla. Apr. 22, 2024).

Even if we believed Cantens were wrongly decided, which we do not, Cantens constitutes part of the decisional law of our district in the sense that it reflects a rule that will be enforced with the authority of law. Unless and until overruled, Cantens is binding on the subsequent panels of our court no less than on the trial courts, lawyers, and litigants subject to our precedents. In re Rule 9.331, Determination of Causes by a Dist. Ct. of Appeal En Banc, Fla. Rules of App. Proc., 416 So. 2d 1127, 1128 (Fla. 1982) ("[T]o carry out the purpose behind our new appellate structure, a three-judge panel of a

district court should not overrule or recede from a prior panel's ruling on an identical point of the law[.]").

A panel of a district court following its court's precedent simply ensures identically situated litigants receive identical treatment. "Our whole system of law is predicated on the general fundamental principle of equality of application of the law." Truax v. Corrigan, 257 U.S. 312, 332 (1921) (Taft, C.J.). Following precedent avoids the intolerable result where litigants are subject to different law depending on the name of the judge.

The point is so obvious that perhaps it can be overlooked. This sort of equal application of the law, along with the stability and reliability it provides, is the prime and necessary condition of our American judicial enterprise. Without it, in the eyes of the people of Florida, the legitimacy of courts will fade like the flash of a firework.

Accordingly, we affirm without prejudice to Appellant seeking to overrule Cantens as precedent, in the ways authorized by the Constitution and governing rules.

Affirmed.